This is an action of ejectment brought by a widow to recover dower in lands in the occupation of a tenant, who is not a tenant of the freehold. The counsel for the appellant concedes that the action must be brought against the tenant in actual occupation of the premises, whether he has a freehold estate in them or not, but contends that where it is brought against one who is not a tenant of the freehold, the statute should be so construed as to oblige the widow to have her dower admeasured before bringing the action. He insists that the legislature in abolishing the writ of dower, and allowing ejectment to be brought to recover dower, intended the one as a substitute for the other; and the principal argument in support of this position is the inconvenience and hardship that would follow, both to the tenant and widow, if a different construction should be given to the statute. With the inconvenience or hardship attendant upon the working of the statute we have nothing to do. That should be addressed to the legislature which is competent and whose duty it is to alter or amend all laws that operate oppressively. But a brief reference to the statute giving the remedy by ejectment for the recovery of dower will, I think, satisfy any one that the legislature did not intend *Page 209 
the one as a substitute for the other; nor have they enacted a statute which is capable of the construction contended for by the counsel for the appellant, unless the courts assume legislative powers. By the revised statutes the writ of dower is abolished without any qualification or reservation (2 R.S. 343, § 24). It provides that the action of ejectment may be brought by any widow entitled to dower, after the expiration of six months from the time her right accrued, to recover her dower, of any lands, tenements or hereditaments (2 R.S. 303, § 1, 2). Here the full and unequivocal right is given her to bring the action without obliging her in the first place to demand, or to have her dower assigned or admeasured to her. But the sections which succeed this, show conclusively that the framers of the law were not ignorant of the fact that they were giving to the widow this right to recover in ejectment, without first having had her dower assigned or admeasured.
By section 10, it is enacted "that if the action be brought for the recovery of dower, the declaration shall state that the plaintiff was possessed of the undivided third part of the premises, as her reasonable dower, as widow of her husband, naming him." Were she compelled to have her dower admeasured before bringing the action, there would be no necessity for this, but on the contrary, an absurdity in it. She would then be entitled to recover the whole and not an undivided third part of the lands which had been admeasured to her. The 55th section provides that if her dower has not been admeasured to her before the commencement of the action, she is to proceed to have her dower assigned. The record of judgment is to be filed and commissioners appointed to make admeasurement of the plaintiff's dower out of the lands described in the record.
It seems to me that no one can read this last section without becoming fully satisfied that the legislature were fully aware, and by the language of the act recognize the fact, that they intended to give the widow her remedy by ejectment, before her dower was admeasured. Whether they ought not to have foreseen, and guarded by suitable provisions, the hardships or inconvenience which might attend its operation, is a matter which *Page 210 
reflects upon their sagacity, but throws no light on their intention. That is to be gathered from the words of the statute, and their plain meaning, where there is no ambiguity about them. In this case I entertain no doubt that the action is correctly brought, that the answer is not sufficient to bar the plaintiff's action, and that the judgment of the supreme court should be affirmed.
Judgment affirmed.